[Civ. No. 4095. Second Appellate District, Division Two.—November 28, 1925.]

## F. R. SCOUTEN, Appellant, v. HANNAH F. HARDING et al., Respondents.

[1] NONSUIT—IMPROPER DENIAL—DEFECT SUPPLIED BY DEFENDANT.— Where, after an improper denial of a motion for a nonsuit, the defendant introduces evidence which supplies the defect in plaintiff's case, the ground for any subsequent motion for a nonsuit is removed.

[2] ID.—ACTION ON CONTRACT—MEASURE OF RECOVERY—PROOF SUPPLIED BY DEFENDANT.—In an action to recover the contract price of certain labor performed and materials furnished by plaintiff in fumigating an orange grove owned by defendant, where plaintiff proves the making of the contract, the agreed price per tree for the labor, the agreed price for the materials, and that he performed the contract and fumigated all the trees in defendant's grove, but he does not prove the number of said trees, and, after the court has denied his motion for a nonsuit, defendant proves the number of trees in the grove, plaintiff has made out a *prima facie* case as to the amount due for the labor and, irrespective of the sufficiency of the evidence to entitle plaintiff to recover for the materials furnished, defendant's subsequent motion for a nonsuit, made at the conclusion of all the testimony, is erroneously granted.

(1) 38 Cyc., p. 1560, n. 52.    (2) 38 Cyc., p. 1557, n. 24, p. 1559, n. 37, p. 1560, n. 52.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

Wetherhorn, Hoyt & Jones for Appellant.

Ames & McFadden for Respondents.

FINLAYSON, P. J.—This is an appeal from a judgment of nonsuit in an action brought by plaintiff to recover the contract price of certain labor performed and material furnished by him in fumigating an orange orchard

1. See 2 Cal. Jur. 1025.

owned by the defendant Hannah F. Harding, wife of the defendant D. W. Harding. Throughout this opinion the wife will be referred to as the defendant.

It is alleged in the complaint that plaintiff and defendant entered into a contract whereby the former agreed to fumigate defendant's orange orchard in Orange County for the agreed price of 16 cents per tree and 75 cents per pound of liquid gas used in the process; that plaintiff fumigated 1,181 trees and used 294½ pounds of liquid gas; that the agreed price for the labor thus performed (1,181 trees at 16 cents per tree) is $188.96, and that the agreed price for the material used (294½ pounds of liquid gas at 75 cents per pound) is $220.50, making a total of $409.-46, no part of which has been paid. The answer, while admitting that defendant employed plaintiff to fumigate her orchard, denies that the contract was as alleged in the complaint or that plaintiff performed labor or furnished material as alleged by him, and alleges, as an affirmative defense, that the work was so negligently performed that defendant suffered damage to her orchard in a stated sum.

Much of the testimony of plaintiff's witnesses was stricken out by the court, but that which remained in the record shows that plaintiff, as a part of his case, proved by the manager of his business in Orange County, one George E. White, that in the month of July, 1920, he entered into an agreement with defendant whereby it was agreed that plaintiff should fumigate the orchard upon the terms and conditions alleged in the complaint. Plaintiff also proved by his foreman, one Eli Haskell, who had charge of the crew which did the work, that he and the men under him fumigated all of the trees in defendant's orchard. Haskell identified a certain chart, referred to by him as the "dope sheet," most of the entries upon which he testified were in his handwriting. These entries, however, are not self-explanatory. That is to say, only an expert familiar with the meaning of the notations on the chart could decipher them so as to tell how many trees were actually fumigated or how much liquid gas was, actually used. Such explanatory evidence was introduced by plaintiff but later was stricken out on motion of defendant. At the conclusion of plaintiff's evidence defendant moved for a nonsuit upon the ground, among others, that there was no evidence

showing the amount of liquid gas furnished or the amount of labor performed. The motion was denied, and defendant thereupon introduced the evidence of the man who had charge of her orchard at the time when the fumigating was done—one Albert E. Clark—who testified, among other things, that the orchard consisted of two adjacent groves; that in one of these groves there were 16 rows of orange trees of 17 trees to the row, and in the other grove 16 rows of orange trees of 54 trees to the row, or a total of 1,136 trees, and that in addition there was one row of 16 very young trees—making a total of 1,152 trees in the orchard. At the close of Clark's testimony plaintiff was permitted to reopen his case and to put in further testimony by his manager White, as well as the testimony of the defendant, whom plaintiff examined under the provisions of section 2055 of the Code of Civil Procedure. At the conclusion of this testimony defendant again moved for a nonsuit upon the ground that "plaintiff has not presented a *prima facie* case" and that "he has not proven the measure [*sic*] of damages." The motion was granted.

We shall not pause to consider appellant's objection that the motion for nonsuit fails to state any ground therefor. We are satisfied that had the motion been entirely sufficient as to form there nevertheless would have been no ground for a nonsuit of plaintiff's entire case.

[1] It is a well-settled rule that where, after an improper denial of a motion for a nonsuit, the defendant introduces evidence which supplies the defect in plaintiff's case, the ground for any subsequent motion for a nonsuit is removed. [2] Here the evidence introduced by appellant in support of his case showed that, through the manager of his business in Orange County, he had entered into a contract with respondent to fumigate the latter's orchard; that under the terms of this contract respondent was to pay appellant for his labor at the rate of 16 cents per tree; and that *all* the trees in respondent's orchard were actually fumigated by appellant's foreman and the crew of men working under him. To show the precise amount to which appellant was entitled for the labor thus performed by him, only one other factor remained to be proved, viz., the number of trees in the orchard. If the evidence educed by appellant was deficient in this respect

the deficiency was supplied by respondent, whose witness Clark testified that there was a total of 1,152 trees in the orchard. Appellant, therefore, made out a *prima facie* case for at least $184.32—and this irrespective of whether the evidence was or was not sufficient to entitle him to recover a definite sum for the liquid gas used by him.

The judgment is reversed and the cause is remanded, with instructions to retry all of the issues presented by the pleadings.

Works, J., and Craig, J., concurred.